UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA J. SHENKO,

                Plaintiff,

-against-                                6:21-CV-0017 (LEK/TWD)

YORKVILLE VILLAGE, *et al.*,

                Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Linda Shenko brings this pro se action against Yorkville Village, the Town of New Hartford, Oneida County, and several individual law enforcement officers (collectively, "Defendants"). Plaintiff commenced this action on January 7, 2021. See Dkt. No. 1 ("Complaint"). On the same day, Plaintiff filed an application to proceed in forma pauperis ("IFP Application"). See Dkt. No. 2. Then, on April 30, 2021, Plaintiff filed a motion for joinder. See Dkt. No. 28. Finally, on May 19, 2021 and May 21, 2021, Plaintiff filed motions for injunctive relief and appointment of counsel, respectively. See Dkt. Nos. 39, 43. Furthermore, Plaintiff amended her complaint three times. See Dkt. Nos. 29, 32, 36.

On June 14, 2021, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, granted the IFP Application, denied the motion to appoint counsel with leave to renew, denied the motion for joinder as moot, recommended that Plaintiff's motion for injunctive relief be denied with leave to renew, and recommended that Plaintiff's third amended complaint be dismissed with leave to amend. See Dkt. No. 45 ("Report-Recommendation") at 5.

Although no objections to the Report-Recommendation have been filed in this case, see Docket, Plaintiff did subsequently file another motion for appointment of counsel and a motion for an extension of time to file an amended complaint. See Dkt. No. 46.

For the reasons discussed below, the Court adopts the Report-Recommendation in its entirety and denies Plaintiff's second motion for appointment of counsel, but grants a thirty-day extension for Plaintiff to file an amended complaint.

## II. BACKGROUND

### A. Factual History

Plaintiff's factual allegations are detailed in Judge Dancks' Report-Recommendation, familiarity with which is assumed. See R. & R. at 2.

### B. Subsequent Motions

Plaintiff filed a new motion for appointment of counsel and a motion for an extension of time to file an amended complaint on July 1, 2021. See Docket.

## III. LEGAL STANDARD

### A. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-

recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); see also Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

**B. Motion to Appoint Counsel**

28 U.S.C. § 1915(e) authorizes the courts to "request an attorney to represent any person unable to afford counsel." "When deciding whether to appoint *pro bono* counsel, however, a court must give deference to the limited resources available to serve the interests of the many indigent litigants who pursue claims before it . . . and should therefore not grant such applications indiscriminately but instead must exercise sound judgment and restraint when doing so." Vasquez v. Whitney, No. 16-CV-0623, 2018 WL 4702063, at *5 (N.D.N.Y. Sept. 28, 2018) (Kahn, J.) (internal citations omitted). In addition, a number of factors must be considered before a court can undertake such an action:

3

> [A court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). None of those individual factors is controlling, however, and "'each case must be decided on its own facts.'" Velasquez v. O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (quoting Hodge, 802 F.2d at 61).

## IV. DISCUSSION

### A. The Report-Recommendation

Here, no objections have been raised in the allotted time with respect to Magistrate Judge Dancks' Report-Recommendation. After a thorough review of the Report-Recommendation, the Court has determined that the Report-Recommendation is not subject to attack for clear error or manifest injustice.

### B. Subsequent Motions

#### 1. Second Motion to Appoint Counsel

Judge Dancks held that the prior motion to appoint counsel was premature because "Plaintiff failed to demonstrate why she is entitled to appointment of counsel at this time and it is unclear if she has attempted to secure *pro bono* counsel related to this action." R. & R. at 4. Now, Plaintiff's current motion shows that she attempted to secure an attorney on her own before filing the motion. See Dkt. No. 46.

At this preliminary stage, the Court is unable to determine whether Plaintiff meets the threshold requirement that at least some aspects of her claim are "likely to be of substance." Hodge, 802 F.2d at 61.

Even if the Court were to assume that Plaintiff's position seems likely to be of substance, the relevant factors weigh decidedly against granting Plaintiff's motion at this time. For example: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action; and (3) if this case survives any dispositive motions filed by Defendants, it is highly probable that the Court will appoint trial counsel at the final pretrial conference.

Thus, Plaintiff's second motion for appointment of counsel is denied without prejudice.

2. *Extension of Time to File an Amended Complaint*

Finally, Plaintiff seeks an extension of time to file an amended complaint. In Plaintiff's motion, she explicitly requests a "TIME EXTENSION TO BE DETERMINED TO ANSWER YOUR ORDER WITH COURT APPTD. COUNSEL." See Dkt. No. 46. To the extent Plaintiff's time extension request is dependent on the appointment of counsel, then the request is denied as moot for the reasons described above. However, the Court will allow Plaintiff to file an amended complaint within thirty (30) days of this Order.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 45) is **APPROVED and ADOPTED** in its entirety; and it is further

5

**ORDERED**, that Plaintiff's motion for injunctive relief (Dkt. No. 39) is **DENIED with leave to renew**; and it is further

**ORDERED**, that Plaintiff's second motion to appoint counsel (Dkt. No. 46) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's third amended complaint (Dkt. No. 36) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that upon the filing of an amended complaint as directed above, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED**, that in the event Plaintiff fails to file an amended complaint **within thirty (30) days** of the filing date of this Order, the Clerk shall enter judgment dismissing this action due to Plaintiff's failure to comply with the terms of this Order, without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 12, 2021
           Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge