UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA J. SHENKO,

                                        Plaintiff,

                                                                                                                       6:21-CV-17
v.                                                                                                         (LEK/TWD)

YORKVILLE VILLAGE, et al.,

                                        Defendants.

_____

APPEARANCES:

LINDA J. SHENKO
Plaintiff, *pro se*
4310 Middlesettlement Road
Apartment A109
New Hartford, New York 13413

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      Linda J. Shenko ("Plaintiff") filed an action against Yorkville Village, the Town of New Hartford, Oneida County, and several individual law enforcement officers (collectively, "Defendants"). (Dkt. No. 1.) Plaintiff thereafter was granted several requests to amend her complaint. Eventually, Plaintiff filed her third amended complaint (Dkt. No. 36) on May 21, 2021. After granting Plaintiff's *in forma pauperis* application, this Court reviewed the third amended complaint pursuant to 28 U.S.C. § 1915(e), and recommended that it be dismissed with leave to replead. (Dkt. No. 45.) Senior United States District Judge Lawrence E. Kahn adopted this Court's recommendation and ordered Plaintiff to file an amended complaint if she wished to proceed. (Dkt. No. 47.)

Plaintiff has now filed what has been styled as her fourth amended complaint along with eighteen accompanying letters purporting to provide clarification regarding the allegations in her fourth amended complaint.  (*See* Dkt. Nos. 57-75.)  The Court has attempted to review the fourth amended complaint and the attached letters but—in its current state—it is impossible to decipher a viable cause of action or theory of liability from the morass of paper Plaintiff filed.  Indeed, it is evident Plaintiff failed to consider this Court's direction in its previous Order to file a complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Therefore, the Court recommends dismissing the fourth amended complaint.

Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *See Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).  In this case, because Plaintiff has already been granted an opportunity to amend and her fourth amended complaint fails to state any claim for relief, this Court recommends dismissing this action without further leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's fourth amended complaint (Dkt. No. 57) be **DISMISSED WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the

---

[1] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated:  October 12, 2021
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

---

and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).