UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LINDA J. SHENKO,

        Plaintiff,

 -against-              6:21-CV-0017 (LEK/TWD)

YORKVILLE VILLAGE, et al.,

        Defendants.

## **DECISION AND ORDER**

**I. INTRODUCTION**

  Plaintiff Linda Shenko commenced this *pro se* action on January 7, 2021 against Yorkville Village, the Town of New Hartford, and several individual law enforcement officers. Dkt. No. 1 ("Complaint"). Plaintiff twice requested, and was granted, leave to amend her Complaint, <u>see</u> Dkt. Nos. 7, 34. On July 12, 2021, the Court dismissed Plaintiff's third amended complaint without prejudice, upon recommendation by the Honorable Thérèse Dancks, because it did not sufficiently give fair notice of the claims being asserted as required by Federal Rule of Civil Procedure ("FRCP") 8. Dkt. Nos. 45, 47. On September 10, 2021, Plaintiff filed her fourth amended complaint. Dkt. No. 57.

  Now before the Court is a Report-Recommendation from Judge Dancks recommending that Plaintiff's fourth amended complaint be dismissed with prejudice. Dkt. No. 76 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation.

**II. BACKGROUND**

  **A. Factual Allegations**

Petitioner's factual allegations are detailed in the first report-recommendation addressing Plaintiff's third amended complaint, familiarity with which is assumed. See Dkt. No. 45 at 2.

### B. The Report-Recommendation

Judge Dancks reviewed Plaintiff's fourth amended complaint, but found that it was "impossible to decipher a viable cause of action or theory of liability from the morass of paper Plaintiff filed" and thus the complaint did not comply with FRCP 8 and 10. R. & R. at 2. Judge Dancks recommended the fourth amended complain be dismissed with prejudice because Plaintiff had already been given three opportunities to replead, and had failed to state any claim for relief, and thus there is no indication from any of Plaintiff's pleadings that a valid claim might be stated. See id.

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If a plaintiff is proceeding *pro se* and is served by mail, they will be granted an additional three days to file their objection. FRCP 6(d). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections

to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

Plaintiff timely filed an objection to the Report and Recommendation on October 29, 2021. Dkt. No. 78. However, the Court finds Plaintiff's objections to be general, conclusory, and not directly responsive to the Report and Recommendation. Plaintiff appears to reallege the accusations made in her numerous complaints, but they are still so confused, ambiguous, and vague that they do not provide a meaningful basis for the Court to assess the sufficiency of Plaintiff's claims. See Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996); Hudson v. Artuz, No. 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998). Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 76) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's fourth amended complaint (Dkt. No. 57) is **DISMISSED** with prejudice; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: November 16, 2021
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge